UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CVS/CAREMARK CORPORATION,<br>Plaintiff,<br>v.<br>FEDERAL INSURANCE COMPANY,<br>Defendant. | C.A. No. 07-177 T<br><br>Jury Trial Demanded |

## ANSWER AND COUNTERCLAIM

Defendant Federal Insurance Company ("Federal") responds to the Complaint of plaintiff CVS/Caremark Corporation ("CVS") as follows:

1. Admitted.

2. Federal admits that it is an Indiana corporation with a principal place of business at 15 Mountain View Road, Warren, New Jersey.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Neither admitted nor denied as Paragraph 5 of the Complaint sets forth a legal conclusion to which no answer is required.

6. Neither admitted nor denied as paragraph 6 of the Complaint sets forth a legal conclusion to which no answer is required.

7. Neither admitted nor denied as Paragraph 7 of the Complaint sets forth a legal conclusion to which no answer is required. Further answering, to the extent that paragraph 7 sets forth allegations requiring an answer, Federal denies same.

8. Neither admitted nor denied as Paragraph 8 of the Complaint sets forth a legal conclusion to which no answer is required. Further answering, to the extent that paragraph 8 sets forth allegations requiring an answer, Federal denies same.

**THE PRIMARY INSURANCE POLICY**

9. Federal admits that an affiliate of American International Group ("AIG") issued a commercial general liability policy, no. RM GL 612-3282, to CVS, for the policy period January 1, 2000 to January 1, 2001 (the "AIG Policy"). Federal lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and so they are neither admitted nor denied.

10. Neither admitted nor denied as the AIG Policy speaks for itself.

11. Neither admitted nor denied as the AIG Policy speaks for itself.

12. Admitted.

13. Neither admitted nor denied for lack of sufficient knowledge and information.

**THE COMMERCIAL UMBRELLA POLICY**

14. Federal admits that it issued a commercial umbrella policy, no. 7969-05-33, to CVS, for the policy period January 1, 2000 to January 1, 2001 (the "Federal Policy"). Federal lacks sufficient knowledge and information to form a belief as to the truth of the

remaining allegations contained in paragraph 14 of the Complaint, and so they are neither admitted nor denied.

15. Neither admitted nor denied as the Federal Policy speaks for itself.

16. Neither admitted nor denied as the Federal Policy speaks for itself.

**CHUBB'S BREACH OF THE INSURANCE CONTRACT**

17. Denied.

18. Federal neither admits nor denies the allegations contained in the first sentence of paragraph 18 of the Complaint for lack of sufficient knowledge and information. Federal denies the allegations contained in the second sentence of paragraph 18.

19. Federal denies that it was or is "obligated to pay CVS" as alleged in paragraph 19(a)-(i) of the Complaint, and neither admits nor denies the remaining allegations in paragraph 19 for lack of sufficient knowledge and information.

20. Denied.

21. Denied.

22. Denied.

23. Denied. Further answering, Federal states that under the Federal Policy and the AIG Policy, CVS is responsible for both the $250,000.00 Self-Insured Retention ("SIR") and the $250,000.00 deductible with respect to what CVS has denominated "Post-Exhaustion Claims."

24. Neither admitted nor denied as the allegations of paragraph 24 are either unintelligible or so unclear as to prevent a reasoned response.

25. Denied.

26. Denied.

27. Neither admitted nor denied as the allegations contained in paragraph 27 of the Complaint set forth a legal conclusion to which no answer is required. Further answering, to the extent that paragraph 27 sets forth allegations requiring an answer, Federal denies same.

**COUNT I**
**DECLARATORY JUDGMENT**

28. Federal restates and incorporates by reference all responses set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Neither admitted nor denied as the Federal Policy speaks for itself.

30. Denied.

31. Denied.

32. Denied.

33. Federal admits that under the Federal Policy, CVS is responsible for both the $250,000.00 SIR and the $250,000.00 deductible with respect to what CVS calls "Post-Exhaustion Claims", but otherwise denies the allegations contained in paragraph 33 of the Complaint.

34. Paragraph 34 sets forth a request for relief to which no answer is required.

**COUNT II**
**BREACH OF CONTRACT**

35. Federal restates and incorporates by reference all responses set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

## COUNT III
## BAD FAITH REFUSAL TO PROVIDE INSURANCE COVERAGE
## (RHODE ISLAND G. L. § 9-1-33)

39 Federal restates and incorporates by reference all responses set forth in paragraphs 1 through 38 as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## DAMAGES

44. Denied.

45. Denied.

The remainder of plaintiff's Complaint constitutes a prayer for relief and a jury demand to which no answers are required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

CVS has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

CVS's breach of contract claim must fail because a condition precedent to that count, namely Federal's breach of the insurance contract, has not occurred.

THIRD AFFIRMATIVE DEFENSE

CVS's breach of contract claim must fail because of a failure of consideration.

FOURTH AFFIRMATIVE DEFENSE

Federal has a reasonable and good faith basis in fact and/or law for requiring CVS to be responsible for the $250,000.00 SIR and the $250,000 deductible.

FIFTH AFFIRMATIVE DEFENSE

Coverage provided by the Federal Policy is subject to the terms, conditions, exclusions and limitations therein.

**COUNTERCLAIM OF FEDERAL INSURANCE COMPANY AGAINST CVS/CAREMARK CORPORATION**

Counterclaimant Federal hereby asserts this counterclaim against counterclaim-defendant CVS.

**PARTIES AND JURISDICTION**

1. Counterclaimant Federal is an Indiana corporation having a principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

2. Counterclaim-defendant CVS is a Delaware corporation with a principal place of business in Woonsocket, Rhode Island.

3. This is an action brought pursuant to 28 U.S.C. §§ 2201 and 2202 seeking, inter alia, a declaration as to the rights and responsibilities as between Federal and CVS with respect to a commercial umbrella policy issued to CVS by Federal.

4. An actual controversy has arisen between the parties as to whether Federal's duty to defend and indemnify CVS for claims under the commercial umbrella policy is subject to CVS's payment of a Two Hundred and Fifty Thousand ($250,000.00) Dollar deductible, over and above CVS's Two Hundred and Fifty Thousand ($250,000.000) Dollar Self-Insured Retention ("SIR").

5. The amount in controversy in this action exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## FACTUAL BACKGROUND

7. CVS had in effect during the calendar year 2000 a commercial general liability policy (No. RM GL 612-3282) with American Home Assurance Company (the "AIG Policy"). The effective date of the AIG Policy was from January 1, 2000 to January 1, 2001.

8. Pursuant to the AIG Policy, AIG insured CVS with a primary layer of commercial general liability coverage, including coverage for druggist liability.

9. The coverage provided by the AIG Policy is capped with a One Million Seven Hundred and Fifty Thousand ($1,750,000.00) Dollar per-occurrence limit and a Five Million ($5,000,000.00) Dollar aggregate limit.

10. The AIG Policy provides for a per-occurrence SIR of Two Hundred and Fifty Thousand ($250,000.00) Dollars, and, as a "condition" of that policy, provides for a per-occurrence deductible of Two Hundred and Fifty Thousand ($250,000.00) Dollars.

11. The AIG Policy contained no aggregate deductible.

12. CVS also had in effect during the calendar year 2000 a commercial umbrella policy (No. 7969-05-73) with Federal (the "Federal Policy"). The effective date of the Federal Policy was from January 1, 2000 to January 1, 2001.

13. In material part, the Federal Policy provided CVS coverage in the amount of Fifty Million ($50,000,000.00) Dollars per occurrence and in the aggregate.

14. Under the Federal Policy section titled "Coverage A - Excess Follow Form Liability Coverage", Federal agreed to pay:

> "...on behalf of the **insured**, that part of **loss** covered by this insurance in excess of the total applicable limits of **underlying insurance**, provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of **underlying insurance** are with respect to Coverage A made a part of this policy, except with respect to
>
> A. any contrary provision contained in this policy; or
>
> B. any provision in this policy for which a similar provision is not contained in **underlying insurance**."
>
> (Emphasis in original.)

15. Under the section "Defense and Supplementary Payments", the Federal Policy provides that:

> "A. We have the right and duty to assume control of the investigation, settlement or defense of any claim or **suit** against the **insured** for damages covered by this policy:
>
> 1. under Coverage A, where the applicable limit of **underlying insurance** has been exhausted by payment of claims."

(Emphasis in original.)

16. The Federal Policy section titled "Limits of Insurance", "Applicable to Coverage A Only" states:

> "1. if the limits of **underlying insurance** have been reduced by payment of **loss**, this policy will drop down to become immediately excess of the reduced underlying limit; or
>
> 2. if the limits of **underlying insurance** have been exhausted by payment of **loss**, this policy will continue in force as **underlying insurance**."

(Emphasis in original.)

17. "Underlying insurance" is defined within the Federal Policy as "... the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy."

18. The Federal Policy identifies underlying insurance purchased by CVS within a "Schedule of Underlying Insurance," which lists the AIG Policy as underlying insurance.

19. Pursuant to "Coverage A" of the Federal Policy, CVS is responsible for both the $250,000.00 SIR and the $250,000.00 deductible following exhaustion of the AIG Policy's aggregate limits because, upon exhaustion, the Federal Policy continues in force as "underlying insurance" and is subject to the terms and conditions of the AIG Policy in this respect.

**<u>COUNT I</u>**
**<u>DECLARATORY JUDGMENT</u>**

20. Federal incorporates by reference herein its allegations contained in paragraphs 1 through 19 above.

21. A dispute has arisen between Federal and CVS as to CVS's obligation to pay the per-occurrence Two Hundred and Fifty Thousand ($250,000.00) Dollar deductible.

22. An actual, existing and bona fide controversy exists between Federal and CVS.

23. Federal requests that this Court enter an Order declaring that CVS has an obligation to pay the per-occurrence Two Hundred and Fifty Thousand ($250,000.00) Dollar deductible under "Coverage A" of the Federal Policy following the exhaustion of the aggregate limits of the AIG Policy.

WHEREFORE, Federal respectfully requests that:

a. This Court make a binding declaration as to Federal's and CVS's respective rights, duties and obligations;

b. This Court enter judgment dismissing all counts of CVS's Complaint;

c. This Court enter judgment in favor of Federal on Count I of its Counterclaim and make a binding declaration that CVS has an obligation to pay the per-occurrence Two Hundred and Fifty Thousand ($250,000.00) Dollar deductible under "Coverage A" of the Federal Policy following the exhaustion of the aggregate limits of the AIG Policy;

d. This Court award Federal its interest, costs, and attorney's fees; and

e. This Court order such other and further relief as it deems appropriate.

Respectfully Submitted,
Federal Insurance Company,
By its attorneys

/s/David C. Fixler

David C. Fixler (#3839)
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 330 - 7000
Facsimile: (617) 439-9556
dfixler@rubinrudman.com

Dated: July 24, 2007

**CERTIFICATION**

I, hereby certify that on this 24th day of July, 2007 this document was filed electronically and is available for viewing and downloading to the following ECF registered counsel of record.

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney PC
72 Pine Street
Providence, RI 02903

Richard E. Bowman, Esq.
Rose, Chintz & Rose
29 Commonwealth Avenue
Boston, MA 02116

/s/David C. Fixler
David C. Fixler, Esq.