**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CVS/CAREMARK CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>No: 07-177 T |

**REPLY TO COUNTERCLAIM**

CVS/Caremark Corporation f/d/b/a/ CVS Corporation ("CVS") answers the correspondingly numbered paragraphs of Defendant Federal Insurance Company's ("Federal") Counterclaim as follows:

**PARTIES AND JURISDICTION**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**FACTUAL BACKGROUND**

7. Admitted.

8. Admitted.

9. CVS responds to this paragraph by stating that the subject policy speaks for itself.

10. CVS responds to this paragraph by stating that the subject policy speaks for itself.

11. CVS responds to this paragraph by stating that the allegations contained in this paragraph are unduly vague but nonetheless the subject policy speaks for itself.

12. Admitted.

13. CVS responds to this paragraph by stating that the subject policy speaks for itself.

14. CVS responds to this paragraph by stating that the subject policy speaks for itself.

15. CVS responds to this paragraph by stating that the subject policy speaks for itself.

16. CVS responds to this paragraph by stating that the subject policy speaks for itself.

17. CVS responds to this paragraph by stating that the subject policy speaks for itself.

18. CVS responds to this paragraph by stating that the subject policy speaks for itself.

19. Denied.

## COUNT I
## DECLARATORY JUDGMENT

20. CVS repeats and incorporates by reference its answers to paragraphs 1-19, above.

21. CVS admits that a dispute has arisen between CVS and Federal as to whether any deductible applies to the Federal Policy but denies the remaining allegations contained in this paragraph.

22. Admitted.

23. CVS denies that Federal is entitled to the relief sought in this paragraph.

CVS denies that Federal is entitled to the relief it seeks in its Counterclaim and specifically denies that Federal is entitled to recover any of its costs and attorney's fees.

## DEFENSES

### First Defense

Federal's counterclaim should be dismissed because Federal fails to state claims upon

which relief may be granted.

**Second Defense**

Federal's counterclaim should be dismissed because any harm it suffered was a result of its own actions.

**Third Defense**

Federal's counterclaim is barred by the doctrines of estoppel, waiver, and laches.

**Fourth Defense**

Federal's claims for its costs and attorney's fees should be dismissed as there is no contractual or legal basis that would entitle Federal to recover its costs and fees.

CVS reserves the right to assert additional defenses as they become known during the course of discovery.

/s/ Matthew F. Medeiros
Matthew F. Medeiros (#1856)
LITTLE, MEDEIROS, KINDER,
BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel. (401) 272-8080
Fax. (401) 521-3555
mfm@lmkbw.com

Michael L. Chinitz (pro hac vice)
Richard E. Bowman (pro hac vice)
ROSE, CHINITZ & ROSE
29 Commonwealth Ave
Boston, MA 02116
Tel. (617) 536-0040
Fax. (617) 536-4400

Date: August 15, 2007

**Counsel for Plaintiff**

CERTIFICATION

I hereby certify that on August 15, 2007, a copy of the foregoing Answer to Counterclaim was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by e-mail or to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**David C. Fixler** dfixler@rubinrudman.com

/s/ Matthew F. Medeiros

F:\MFM\CVS\Reply to Counterclaims.doc