**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CVS/CAREMARK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-177 T<br><br>Jury Trial Demanded |

**DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION TO SEVER AND STAY PROCEEDINGS ON COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant Federal Insurance Company ("Federal") hereby moves to sever and stay all proceedings on Count III of the Complaint of plaintiff CVS/Caremark Corporation ("CVS"), alleging violations of Rhode Island G. L. § 9-1-33.

BACKGROUND

The Complaint contains three counts. The first count is for a declaratory judgment that CVS is not responsible for a $250,000.00 per-claim deductible under Federal's excess policy following the exhaustion CVS's primary policy limits. The second count alleges that Federal breached its insurance contract with CVS with respect to the per-claim deductible. The third count alleges that Federal violated Rhode Island G.L. § 9-1-33 and acted in "bad faith" when it asserted that CVS's excess insurance was subject to the $250,000.00 deductible. (Complaint, ¶¶ 39-43.) Federal has counterclaimed for a declaratory judgment in its favor.

DISCUSSION

Under Fed. R. Civ. P. 42(b), the Court is empowered "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, [to] order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues..." See Also Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately.") In this case, the severance and stay of proceedings on plaintiff's Rhode Island G.L. § 9-1-33 "bad faith" claim is appropriate.

Rhode Island case law supports a severance and stay of Count III of CVS's Complaint. G. L. § 9-1-33 states, in pertinent part,

> "[A]n insured under any insurance policy as set out in the general laws or otherwise may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance..."

It is well-settled in Rhode Island that claims of insurer bad faith under G. L. § 9-1-33 are severed and tried separately from breach of insurance contract claims. *Skaling v. Aetna Insurance Company*, 799 A.2d 997, 1010 (R.I. 2002). Rhode Island courts have acknowledged that the issues presented by G.L. § 9-1-33 claims, when brought simultaneously with claims for declaratory relief or breach of contract claims, can be solved only by severing such claims and staying discovery upon them until the conclusion of proceedings on the declaratory relief or breach of contract claims. Numerous Rhode Island decisions support this practice.

> "We have stated in *Bartlett v. John Hancock Mutual Life Insurance Co.*, 538 A.2d 997 (R. I. 1988), that the most practical resolution of discovery and prejudice problems when a bad-faith claim is combined in a single action with a breach-of-contract claim on the policy is that [judges] who encounter this situation, exercise their authority pursuant to Rule 42(b) to sever the contract claim from the bad-faith claim and limit discovery to the contract claim until that claim is resolved in the plaintiff's favor."

*Corrente v. Fitchburg Mutual Fire Insurance Company*, 557 A.2d 859 (R.I. 1989). The Supreme Court's decision in *Corrente* went so far as to say it is "inherently prejudicial to try a breach of contract claim on an insurance policy together with a bad-faith claim." 557 A.2d at 863.

In another case, *Rumford Property and Liability Insurance Company v. Carbone,* 590 A.2d 398, (R.I. 1991), the Court stated that "the plaintiff must prove that the insurer breached its obligation under the insurance contract before bad faith may be considered." *Id.* at 400 citing *National Savings Life Insurance Co. v. Dutton*, 419 So.2d 1357 (Ala. 1982).

Notably, while in 2002, *Skaling v. Aetna Insurance Company* abrogated certain aspects of the decisions in *Bartlett* and *Corrente*, it left untouched the Rhode Island practice of severing and staying discovery on claims of insurer bad faith. The Court stated in *Skaling*:

> "[W]e hold, consistent with § 9-1-33, that "the question of whether or not an insurer has acted in bad faith in refusing to settle a claim shall be a question to be determined by the trier of fact. That is, bad faith is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in fact or law for the denial. *We deem this rule to be of particular significance in this jurisdiction because claims of insurer bad faith are severed and tried separately from the breach of insurance contract claims, a procedure that provides the insurer with significant procedural protections, including nondisclosure of its file until the completion of the breach-of-contract action.*"

*Skaling*, 799 A.2d at 1010 (emphasis added.)

In order to afford Federal the significant procedural protections against premature, and perhaps unjustified, disclosure of its files, therefore, this Court should follow the accepted practice of severing CVS's "bad faith" claim and staying discovery thereon until after the determination of the declaratory relief and breach of contract claims in this case.

## CONCLUSION

For the reasons set forth above, this Court should order that Count III of the Complaint be severed, and that all proceedings on that count be stayed pending resolution of Counts I and II of the Complaint and Federal's counterclaim.

## REQUEST FOR HEARING

Federal Insurance Company respectfully requests that the Court grant a hearing on this motion. Estimated time for hearing on the motion is fifteen-twenty minutes.

Respectfully Submitted,
Federal Insurance Company,
By its attorneys

/s/David C. Fixler

David C. Fixler (#3839)
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 330 - 7000
Facsimile: (617) 439-9556
dfixler@rubinrudman.com

Dated: September 5, 2007

**CERTIFICATION**

I, hereby certify that on this 5th day of September, 2007 this document was filed electronically and is available for viewing and downloading to the following ECF registered counsel of record.

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney PC
72 Pine Street
Providence, RI 02903

Richard E. Bowman, Esq.
Rose, Chintz & Rose
29 Commonwealth Avenue
Boston, MA 02116

/s/David C. Fixler
David C. Fixler, Esq.