**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CVS/CAREMARK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-177 T |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION RESPECTING**
**CONFIDENTIALITY OF DISCOVERY MATERIALS**

The parties, plaintiff CVS/Caremark Corporation ("CVS/Caremark") and defendant Federal Insurance Company ("Federal Insurance"), hereby agree as follows:

1. Either party may designate as "confidential" any document, answer, testimony or other discovery response (hereinafter, "materials") produced in discovery in this matter where such materials contain confidential, proprietary or commercially sensitive information, or financial, medical or other information protected by any common law or statutory right of privacy. Such "Confidential" materials may include but shall not be limited to documents and information: a) subject to the work-product doctrine, mediation privileges or the attorney-client privilege between CVS/Caremark Corp. and its litigation counsel or its in house counsel in the underlying "Post-Exhaustion Claims" referenced in the Complaint in this case, and b) documents and information shared previously by and between CVS/Caremark and Federal Insurance in their respective capacities as insured and insurer.

2. Confidential materials, or information derived therefrom, shall be used solely for purposes of this Litigation, and shall not be used for any other purpose, including without limitation, any business, other litigation or commercial purpose.

3. Such materials as are designated "confidential" by either party and the information contained therein shall be disclosed only to the following persons and entities:

(a) Counsel of record for each of the parties, including their paralegals, secretaries, employees and independent contractors.

(b) The parties and their officers, directors, employees, and representatives , if any, who are necessarily involved in the litigation of this matter.

(c) witnesses, deponents, experts or consultants, to the extent deemed necessary by counsel to assist in the conduct of this Litigation;

(d) mediators or arbitrators retained by the parties to this Litigation; and

(e) the Court, and court reporters or court officials employed in connection with this Litigation.

4. (a) Materials which are designated as "confidential", copies thereof, and the information contained therein, shall not be exhibited or disclosed to any other person, provided, however, that nothing herein shall prevent the exhibition of such materials or the disclosure of information contained therein to persons who have prepared or assisted in the preparation of such materials or to whom the materials or copies thereof were addressed or delivered. Nothing herein shall prevent the exhibition of such materials or the disclosure of information contained therein to officers and personnel of any governmental agencies and authorities requesting such materials and information. Also, nothing herein shall prevent the exhibition of such materials or the disclosure of information contained therein to independent contractors, accountants,

Case 1:07-cv-00177-T-LDA Document 16-2 Filed 12/10/2007 Page 3 of 8

statisticians, economists, consultants or other "experts" for use in preparation and/or in connection with the litigation of this action, if such "experts" agree in writing to be bound by this stipulation and order.

(b) No person receiving confidential materials shall disclose such materials or information contained therein to any person other than those specified in paragraph 3 and paragraph 4(a). However, if counsel shall hereafter desire to give, show, make available or communicate such materials in any way to persons other than those referred to in paragraph 3 and paragraph 4(a), counsel shall notify the counsel for the party which produced materials designated "confidential" in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, and a description of the materials or information to be disclosed.

(c) In the event that the party which produced the confidential materials objects to the disclosure of the materials to a person not designated under paragraph 3 or paragraph 4(a), it shall within ten (10) days notify the opposing counsel in writing of such objection and the grounds therefor, and, if such dispute is not resolved on an informal basis, shall promptly submit such objection to the Court for ruling. There shall be no disclosure pending a resolution of the dispute.

5. (a) Materials designated "confidential" or the information contained therein may be referred to in the course of these proceedings, and made exhibits at trial, in depositions, and in motions, papers, memoranda, affidavits and like documents filed with the Court and/or served upon another party or its counsel, provided that, if filed with the Court, the filing shall be under seal. Before filing any pleadings or other documents which contain confidential materials, the parties shall confer and agree on redactions that would permit the filing of the pleadings or other

documents in open court. If the parties are unable to agree on such redactions, the producing party shall move, pursuant to Rhode Island Local Rule General 102, for a court order permitting such pleadings or other documents to be filed under seal. No pleadings or other documents which contain confidential materials shall be filed prior to the Court's ruling on that motion. In its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "confidential" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment or impoundment. If the Court grants a motion to seal, the motion to seal, the order granting the motion to seal, and the sealed documents shall be placed in an envelope which shall be sealed and to which a copy of the Court's order shall be affixed. Unless otherwise ordered by the Court, the sealed envelope shall be marked with the number of the case and the docket number of the motion to seal and shall be retained by the Clerk in a secure location until further order of the Court. If the Court determines that the confidential materials are not entitled to confidential treatment and/or does not permit the pleadings or other documents which contain such confidential materials to be filed under seal, the parties may then file those pleadings or other documents in open court.

(b) Either party may designate as "confidential" testimony given during the proceedings (including depositions and affidavits but not including trial) which, in good faith, it deems to contain non-public, confidential, proprietary or commercially sensitive information, or financial, medical or other information protected by the right of privacy, provided that the portion of the transcript relating to such confidential testimony shall be designated as "confidential" within twenty (20) days after receipt of the transcript and thereafter so marked and sealed.

(c) Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court sua sponte.

6. This stipulation shall not apply to any materials which are available and obtainable from any third person or entity, or to materials that are a matter of public record on file with any governmental or regulatory agency or board. Nothing herein shall bar either party from the unrestricted use of any document obtained from any third person or from the public records on file with any governmental or regulatory agency or board.

7. In the event any party claims that it has inadvertently produced any document or other information during discovery in the Litigation that is privileged under the attorney-client privilege or other privilege or immunity recognized by applicable law, or protected from discovery as work product, the producing party shall provide written notice to the receiving party, promptly after discovering the inadvertent production. Thereafter, the receiving party shall return the original and all copies of such documents and shall not use such information for any purpose until the Court has determined whether the privilege or protection asserted by the producing party applies to the document or information or has been waived in accordance with applicable law. The producing party shall not be held to have waived any privilege or immunity by such inadvertent production, so long as the receiving party is notified within thirty (30) days after the inadvertent production. A receiving party that, in the good faith judgment of counsel,

discovers material that is subject to the attorney-client privilege or other privilege or immunity recognized by applicable law, or that is protected from discovery as work product, shall immediately cease reviewing such material and return it to the producing party as soon as is reasonably possible.

8. This stipulation shall be without prejudice to the right of either party to contest the confidential or privileged status of any category of materials, particular materials or parts thereof which may be produced, or to seek modification of this order.

9. During the pendency of this Litigation, any party objecting to the designation of any materials as "Confidential" may, after making a good faith effort to resolve any such objection, move on reasonable notice for any order vacating the designation. While such an application is pending, the materials in question shall be treated as "Confidential" pursuant to this Stipulation. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. A party shall not be obligated to challenge the designation of any document or information as "Confidential" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

10. This stipulation shall have no bearing upon and shall not affect the use and/or admissibility of any material, testimony, or information contained therein, in trial proceedings or Court hearings.

11. At the conclusion of this matter by settlement or final and unappealable judgment, all materials and any reproductions thereof subject to this stipulation shall be returned to the party producing such confidential materials.

CVS/Caremark Corporation,
By its attorneys,

/s/ Matthew F. Medeiros
Matthew F. Medeiros (#1856)
Little, Medeiros, Kinder,
Bulman & Whitney PC
72 Pine Street
Providence, RI 02903
Telephone: (401) 272-8080
Facsimile: (401) 521-3555
mfm@lmkbw.com

Federal Insurance Company,
By its attorneys

/s/ David C. Fixler
David C. Fixler (#3839)
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 330 - 7000
Facsimile: (617) 439-9556
dfixler@rubinrudman.com

*Of Counsel*

Michael L. Chinitz (BBO #552915)
Richard E. Bowman (BBO #645245
Rose, Chintz & Rose
29 Commonwealth Avenue
Boston, MA 02116
Telephone: (617) 536-0060
Facsimile: (617) 536-4400

*Of Counsel*

John J. McGivney (BBO #333510)
Michael A. Burkett (BBO #452433)
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 330-7017
Facsimile: (617) 330-7550

**SO ORDERED:**

Ernest C Torres

Ernest C. Torres
Senior United States District Judge
12/17/07